IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE THOMAS, | ) | CASE NO. 1:18 CV 1312 |
| | ) | |
| Plaintiff, | ) | |
| | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | |
| MEGAN J. BRENNAN, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* plaintiff Jacqueline Thomas has filed in this Court a civil rights action against Megan J. Brennan, Postmaster General of the United States; the "Shaker Station (Management)"; two named individuals; and the United States Postal Service Equal Employment Opportunity Office ("EEO"). (Doc. 1.) Plaintiff's allegations in her complaint are unclear, but appear to relate to a claim she filed with the EEO in 2011, which was denied because it presented the same charges as a prior claim and/or was untimely, and which she contends the "Shaker Management fasified [*sic*] (corrupted)" in some procedural manner "to gain a favorable ruling." (Doc. 1.) Plaintiff also has filed a supplemental document. (Doc. 3.) In it, she adds new individuals as parties; indicates that her 2011 EEO claim alleged discrimination based on "[p]erceived disability (scared right eye), race/color (black) and retaliation (block from filing a timely EEO claim and not responding to my EEO claims"; and requests as relief that the Court order the EEO to process her 2011 claim or reinstate her job with pay. (Doc. 3.)

## ANALYSIS

*Pro se* pleadings must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (stating *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction[,]" and "[t]he appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief") (internal quotation marks and citations omitted)). But principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*; *see also Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Indeed, federal district courts are required to screen all *in forma pauperis* complaints and dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a complaint must set forth "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. They also must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Even construing Plaintiff's complaint and supplemental document liberally, she has not met basic pleading requirements or stated a claim upon which relief may be granted. The Complaint does not set forth coherent factual allegations, recognizable legal grounds, or a request for relief sufficient to state any plausible federal claim against the named defendants. Specifically, it does not present any factual or legal basis for her discrimination claims against the U.S. Postal Service beyond conclusory assertions. The complaint, therefore, must be dismissed pursuant to § 1915(e)(2)(B). *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

## CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted, and her Complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915(e)(2)(B). The Court further

3

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/26/18